Timothy M. Lynch
HOZUBIN, MOBERLY,
LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, Alaska 99501
(907) 276-5297 telephone
(907) 276-5291 facsimile
tlynch@northlaw.com

Attorneys for Evanston Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>ALASKA CAREER COLLEGE, INC., & )<br>SAMANTHA RUSSELL )<br>)<br>     Defendants. )<br>                                            ) | Civil Action No. |

**COMPLAINT FOR DECLARATORY RELIEF**
**(28 U.S.C. §2201 & 2202)**

**DEMAND FOR JURY TRIAL**
**(FRCP 38(b))**

Evanston Insurance Company, by and through its counsel of record, Hozubin, Moberly, Lynch & Associates, hereby asserts its complaint for declaratory relief as follows:

**PARTIES**

I

Evanston Insurance Company (hereafter "Evanston") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Deerfield, Illinois.

Complaint for Declaratory Relief & Demand for Jury Trial                Page 1 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*    Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 1 of 11

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

II

Alaska Career College, Inc. ("hereafter "College") is a corporation organized and existing under the laws of the State of Alaska with it principal place of business in Anchorage, Alaska.

III

Samantha Russell (hereafter "Russell") is a citizen and inhabitant of the State of Alaska.

**JURISDICTION AND VENUE**

IV

This is an action for declaratory relief under 28 U.S.C. §2201 and for such additional and further relief as may be required to enforce the declaratory judgment in accordance with 28 U.S.C. §2202.

V

This court has subject matter jurisdiction under 28 U.S.C. §1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states with Evanston being considered a resident of the State of Illinois and both College and Russell being considered residents of the State of Alaska.

VI

In accordance with 28 U.S.C. § 1391(b)(1) and (2) venue in this district is appropriate as both College and Russell are residents of this district and a substantial part of the events giving rise to the claim occurred in this district.

Complaint for Declaratory Relief & Demand for Jury Trial                                                 Page 2 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*        Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 2 of 11

## ALLEGATIONS IN SUPPORT
## OF DECLARATORY RELIEF

### VII

On October 18, 2014, Maceo Melton (hereafter "Melton") filed suit in the Superior Court for the State of Alaska, Third Judicial District at Anchorage with the caption of *Maceo Melton v. Alaska Career College, Inc. and Samantha Russell* with case number 3AN-14-09587 CI.

### VIII

A copy of the Complaint is attached as Exhibit 1.

### IX

In his Complaint, Melton made the following allegations among others:

1) At the time that the events giving rise to this litigation occurred, Melton was a student at College. (¶3)

2) At the time that the events giving rise to the Complaint occurred Russell was a teacher at College. (¶7)

3) Melton was enrolled at College from February of 2012 to February of 2013. (¶24)

4) On numerous occasions Russell sexually harassed Melton. (¶19)

5) The harassing acts by Russell began almost immediately after Melton enrolled in the College. (¶27)

6) Russell "subjected Melton to a barrage of sexist, racist, and otherwise inappropriate comments and text messages, including two text messages that talk about "getting into Mr. Melton's pants" and "destroying Mr. Melton Sexually." (¶19)

7) Russell's harassment of Melton continued during Melton's enrollment. (¶26)

8) Melton spoke with the "Dean and the Administrative Staff" about the sexual harassment and was told he should deal with Russell directly. (¶29)

Complaint for Declaratory Relief & Demand for Jury Trial                                    Page 3 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*     Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 3 of 11

9) Sexually explicit emails were sent on October 31, 2012 at 4:38 p.m. and 5:10 p.m. (¶27)

10) Melton spoke with the Dean and Administration regarding the emails. (¶31)

11) Russell offered Melton higher grades in return sex. (¶27)

12) Russell retaliated for Melton telling the Dean and Administrative Staff by ignoring him in the classroom when he attempted to answer questions. (¶29)

13) Russell ridiculed Melton in the classroom; and (¶29)

14) Russell made disparaging comments about Melton's thoughts and ideas, (¶29)

15) Russell was terminated by College. (¶32)

16) The College failed to use due care as required by statutory, regulatory, administrative and common law standards including supervising, instructing, training and disciplining Russell. (¶77)

17) As a result of the acts by the College and Russell Melton has suffered and continues to suffer "humiliation, anxiety, indignity and mental and emotional anguish. (¶74)

18) College and Russell acted with malice and a conscious disregard for Melton's rights entitling Melton to punitive damages.

19) Melton seeks damages of no less than the jurisdictional limit, i.e. $100,000, of the Alaska State Superior Court. (¶ 1 of Prayer for Relief)

X

On March 20, 2014, Jennifer A. Deitz (hereafter "Deitz") President / CEO and owner of College completed and signed the "Application For Specified Medical Professions For Professional Liability Insurance (Claims Made Basis)" form MASM 5018 (02/10) (hereafter "Application").

XI

A copy of the Application is attached hereto as Exhibit 2.

Complaint for Declaratory Relief & Demand for Jury Trial                                Page 4 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*   Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 4 of 11

## XII

The Application contained the following as question 7(e) on page 5:

> Are you aware of any circumstances which may result in a malpractice claim or suit being made or brought against you or any of your employees?

## XIII

Dietz responded in the negative.

## XIV

Immediately above the signature line is found the following warranty:

> I/We warrant to the Insurer, that I understand and accept the notice stated above and that the information contained herein is true and that it shall be the basis of the policy of insurance and deemed incorporated therein, should the insurer evidence its acceptance of this application by issuance of a policy. . . .

## XV

Evanston issued a "Professional Liability Insurance Policy For Specified Medical Professions" (hereafter "Policy") to College identified as policy number SM-900177.

## XVI

The policy stated on page 1 of form MESM 5010 10 12 that

> THIS IS A CLAIMS MADE COVERAGE PART. PLEASE READ IT CAREFULLY.
>
> In consideration of the premium paid, . . . in reliance upon the statements in the application attached hereto and made a part hereof and the underwriting information submitted on behalf of the Insured, and subject to all the terms, conditions and limitations of this policy, the Company and the Insured agree as follows:

This statement of consideration is then followed by the terms and conditions of the insurance contract.

Complaint for Declaratory Relief & Demand for Jury Trial       Page 5 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*       Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 5 of 11

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

XVII

The Policy had a term of April 14, 2014 to April 15, 2015.

XVIII

The Policy was a claims made insurance policy.

XIX

A copy of insurance policy number SM-900177 is attached as Exhibit 3.

XX

College was the Named Insured on the Policy.

XXI

The Policy provided for limits of $1,000,000 per claim and $3,000,000 aggregate.

XXII

Coverage under the Policy is limited to liability for only those claims that are first made against the Insured during the Policy Period and reported to Evanston pursuant to the terms and conditions of the Policy.

XXIII

The Policy contained the following requirement in the "Common Policy Conditions" form MESM 5100 10 12:

> **B. REPRESENTATIONS**
>
> By acceptance of this policy, the insureds agree as follow:
>
> 1. That the information and statements contained in the application(s) are the basis of this policy and are to be considered as incorporated into and constituting a part of this policy; and
>
> 2. That the information and statements contained in the application(s) are their representations, that they shall be deemed material to the acceptance of the risk or hazard assumed by the Company under this policy, and that this policy is issued in reliance upon the truth of such representations.

Complaint for Declaratory Relief & Demand for Jury Trial                                      Page 6 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*        Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 6 of 11

XXIV

Russell was an additional insured on the Policy under the definition of "The Insured" found in paragraph B in form MESM 5010 10 12 and the definition of "Employee" found on page 2 of form MESM 5010 10 12 which states that:

> **E. Employee** means any natural person while in the regular service of the Named Insured in the ordinary course of the Named Insured's business and whom the Named Insured compensates by salary, wages or commissions and has the right to govern and direct the performance of such service. Employee includes a Leased Worker but does not include any Temporary Worker or independent contractor.

XXV

The Policy provided the following in the "Insuring Agreement" on page 1 of form MESM 5010 10 12.

> **A. Professional Liability and Claims Made Clause:** The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in the Declarations, which the insured shall be come legally obligated to pay as Damages as a result of Claims first made against the insured during the Policy Period or during the Extended Reporting Period, if exercised and reported to the Company pursuant to Section Claims A, Claim Reporting provision, for Professional Personal Injury:
>
> 1. By reason of any act, error or omission in Professional Services arising out of the conduct of the Insured's Professional Services rendered or that should have been rendered by an Insured; or
>
> \* \* \* \*
>
> provided:
>
> a. The act, error or omission happens during the Policy Period or on or after the Retroactive Date stated in the Declarations and before the end of the Policy Period; and
>
> b. Prior to the effective date of this policy the Insured had no knowledge of such act, error or omission or any fact, circumstance, situation or incident which may lead a reasonable person in the Insured's position to conclude that a Claim was likely.

Complaint for Declaratory Relief & Demand for Jury Trial   Page 7 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*   Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 7 of 11

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

## XXVI

There is no coverage for College or Russell for defense or indemnification as to Melton's claims because Dietz failed to provide proper and timely notice of the facts and circumstances which may give rise to a claim or suit when she completed and executed the application for insurance. See paragraphs XII, XIII and XVI above.

## XXVII

There is no coverage for College or Russell for defense or indemnification as to Melton's claims because Dietz breached the warranty which forms the basis for the issuance of the insurance policy. See paragraph XIV above.

## XXVIII

There is no coverage for College or Russell for defense or indemnification as to Melton's claims because they fall within one or more of the following exclusions under the policy:

> **THE EXCLUSIONS**
>
> This Coverage Part does not apply to:
>
> A. Any act, error or omission in Professional Services rendered or that should have been rendered or Professional Personal Injury committed in violation of any law or ordinance.
>
> B. Any Claim based upon or arising out of any dishonest, fraudulent, criminal, malicious, knowingly wrongful, deliberate, or intentional acts, errors or omissions committed by or at the direction of the Insured.
>
> \* \* \* \*
>
> F. Any Claim based upon or arising out of any unlawful discrimination by any Insured.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial                                      Page 8 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*          Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 8 of 11

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

\* \* \* \*

L.  Any Claim based upon or arising out of any sexual act, including without limitation sexual intimacy (even if consensual), sexual contact, sexual advances, requests for sexual favors, sexual molestation, sexual assault, sexual abuse, sexual harassment, sexual exploitation or other verbal or physical conduct of a sexual nature; provided, however, the Company agrees to defend the Named Insured for such a Claim for the strictly vicarious liability of the Named Insured, unless a manager, supervisor, officer, director, trustee or partner of the Named Insured:

1. Knew or should have known about the sexual act allegedly committed by the Insured[1] but failed to prevent or stop it; or

2. Knew or should have known that the Insured who allegedly committed the sexual act had a prior history of such sexual misconduct act;

The Company shall not pay Damages on behalf of the Named Insured for such a Claim.

XXIX

Melton's claim for punitive damages is excluded by the definition of Damages found on page 2 of form MESM 5010 10 12 which provides

Damages mean the monetary portion of any judgment, award or settlement; provided however, Damages shall not include:

1. Punitive or exemplary damages or any multiplied portions of damages in excess of actual damages, including trebling of damages; . . . .

XXX

A real and substantial controversy exists concerning the interpretation of the Evanston's insurance policy number SM-900177 as to whether Evanston has a duty to defend

---

[1] Samantha Russell qualifies as an insured.

Complaint for Declaratory Relief & Demand for Jury Trial                          Page 9 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*     Civil Action No.

and/or indemnify College and/or Russell with regard to the claims arising from the events alleged by Melton and the allegations in the underlying complaint.

## XXXI

A real and substantial controversy exists regarding whether or not Dietz acting on behalf of College complied with relevant policy conditions imposed on her by Evanston's insurance policy number SM-900177 and the application for the same.

## PRAYER FOR RELIEF

Having set forth its complaint for declaratory relief, Evanston prays for judgment as follows:

1) For a declaratory judgment determining that Evanston's insurance policy number SM-900177 does not provide coverage to College and/or Russell for defense against or indemnification for the claims asserted by Melton.

2) That College and/or Russell and any or all of their successors, heirs and assigns are enjoined from attempting to enforce the defense and/or indemnity provisions of Evanston's insurance policy number SM-900177;

3) That Evanston be awarded its costs and attorneys fees; and

4) That Evanston be awarded such additional and further relief as the facts and law warrant.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), plaintiff requests a jury trial upon all issues that are triable by a jury.

//

//

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial    Page 10 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*    Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 10 of 11

RESPECTFULLY submitted at Anchorage, Alaska this 19th day of November, 2014.

        HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
        Attorneys for Evanston Insurance Company

        By: /s/ Timothy M. Lynch
            Timothy M. Lynch
            HOZUBIN, MOBERLY,
            LYNCH & ASSOCIATES
            711 M Street, Suite 2
            Anchorage, AK 99501
            (907) 276-5297 tel.
            (907) 276-5291 fax
            tlynch@northlaw.com
            Alaska Bar No. 7111030

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial         Page 11 of 11
*Evanston Insurance Company v. Alaska Career College & Samantha Russell*     Civil Action No.
Case 3:14-cv-00222-JWS   Document 1   Filed 11/19/14   Page 11 of 11